IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH LUIS RAMOS,** : | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| vs. | : | NO. 15-6360 |
| | : | |
| **UNITED STATES PROBATION** | : | |
| **OFFICE, et al.,** | : | |
| Respondents | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                                          February 29, 2016

Petitioner Joseph Luis Ramos filed a petition for *habeas corpus* pursuant to 28 U.S.C. § 2241(a), challenging a federal detainer lodged against him with the Northampton County Jail. The government filed a motion to dismiss the petition as moot. Mr. Ramos has not responded to the motion. For the following reasons, I will grant the motion to dismiss in its entirety.

On September 21, 2010, Mr. Ramos pleaded guilty in this court to Counts I through VII of a federal indictment which charged him with various drug and firearm offenses. See United States v. Ramos, 10-cr-00269. On November 14, 2011, I sentenced him to sixty months' imprisonment to be followed by six years of supervised release. On May 19, 2014, upon release from prison, Mr. Ramos began serving his term of supervised release.

On April 1, 2015, Mr. Ramos was arrested by Bethlehem Police Officers and charged with possession with intent to distribute heroin. He was held in custody at the Northampton County Jail with bail set at $50,000. In August 2015, while still in custody,

Mr. Ramos was charged by the Northampton County District Attorney's office in a second case of possession with intent to deliver a controlled substance. Bail on this second case was fixed at $25,000.

On April 6, 2015, I issued an arrest warrant for Mr. Ramos on the grounds that the new state arrests violated his supervised release here. That warrant was promptly filed with the Northampton County Jail as a detainer.

On November 6, 2015, Mr. Ramos filed this *habeas corpus* petition pursuant to 28 U.S.C. § 2241, requesting that a revocation hearing be held immediately, and that the federal detainer be lifted allowing him to post bond on his state charges. He indicates that the federal detainer and a favorable ruling on his violation of supervised release stand in the way of his requested relief.

Notwithstanding the petition here, on January 11, 2016, Mr. Ramos pleaded guilty to two counts of state drug charges, and was sentenced to five to ten years' imprisonment, a sentence he is currently serving at SCI - Graterford. Because of Mr. Ramos's guilty plea and subsequent sentencing in the state court, this § 2241 petition no longer presents a live controversy and is now moot.

Generally speaking, a case becomes moot when the issues are no longer live or the parties lack a cognizable interest in the outcome. Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698 (3d Cir. 1996) (citing Powell v. McCormack, 395 U.S. 486, 496 (1969)). Under Article III of the United States Constitution, a federal court may adjudicate "only actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant

must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id.  Thus, Article III's "case or controversy" requirement prevents federal courts from deciding cases that are moot. Blanciak, 77 F.3d at 698.  If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.  Id. at 698-99; see also United States Parole Commission v. Geraghty, 445 U.S. 388, 397 (1980) (the interest required of a litigant to maintain a claim under the mootness doctrine is the same as that required to attain standing).

 Here, the relief Mr. Ramos is seeking in his petition is not available now, and frankly, was never available to him.  In the unlikely event that the detainer would have been lifted, Mr. Ramos would still have had to pay bail in the amount of $75,000 in order to be released from custody.  Nowhere in the petition does Mr. Ramos indicate that he satisfied that condition precedent to his release.  Until he posted the bail, the detainer would not even have taken effect.  Because there was an unmet condition precedent to release, this case was not ripe for consideration even when initially filed.

 Even assuming, however, that this case ever presented a live controversy, it no longer does.  Because Mr. Ramos has pleaded guilty to state felony charges and has begun to serve a significant sentence imposed by the Commonwealth of Pennsylvania, he will not be released until that sentence is complete, notwithstanding the federal detainer.  Thus, it cannot be said that the federal detainer is keeping Mr. Ramos in prison, and even if I were to grant his petition, he would not be released.  Under these circumstances, I

find that the petition no longer presents a live controversy to which the court could give meaningful relief, and must be denied as moot.  See <u>Surrick v. Killion</u>, 449 F.3d 520, 526 (3d Cir. 2006) (federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them); <u>see also</u> Fed. R. Civ. P. 12(b)(l) (a matter should be dismissed once there is no dispute over which to litigate).

    An appropriate Order follows.